IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                 Case No. 5:18-CR-40053-02-HLT

MICHAEL MILLS,

    Defendant.

## ORDER FOR CONTINUANCE

Defendant Michael Mills seeks continuance of the status conference for roughly 45 days and requests a new conference date. Doc. 68 at 1. The Court finds the ends of justice support granting a continuance of the status conference, sets a status conference for December 11, 2018, at 9:30 a.m., and excludes the time between October 30, 2018 and December 11, 2018 as a period of excludable time under the Speedy Trial Act.

"[S]ubsection (h)(7) [of the Speedy Trial Act] expressly accounts for the possibility that a district court would need to delay a trial to give the parties adequate preparation time." *Bloate v. United States*, 559 U.S. 196, 213 (2010). Subsection (h)(7) also accounts for the need to delay a trial in circumstances where "continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i) (2012). "An exclusion under subsection (h)(7) is not automatic, however, and requires specific findings." *Id.*; *see also United States v. Madkins*, 866 F.3d 1136, 1140 (10th Cir. 2017) (quoting 18 U.S.C. § 3161(h)(7)(B)(iv) (courts must consider "whether a refusal to continue the case would deny either party 'the reasonable time necessary for effective preparation'")). The court must "set[ ] forth, in the record of the case, either orally or in writing, its reasons for finding that the

ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Court is persuaded that refusal to continue the status conference would deny Defendant the reasonable time necessary for effective preparation and could result in a miscarriage of justice. Defendant and his co-defendant are charged with conspiring to operate massage parlors as fronts for illegal prostitution operations. Doc. 17 at 1. Defendant is out on bond, but his co-defendant has not been arrested and is believed to be in China. *Id.* at 1-2. Government intends to proceed against Defendant in the absence of his co-defendant. *Id.* at 2. Defendant represents the nature of the allegations in this matter raise unique issues of law and fact that make every phase of pretrial preparation more complex from a defense perspective. *Id.* The parties are currently engaged in plea negations that may obviate the need for trial and could benefit from more time *Id.* Additionally, Defendant has requested approval for CJA resources that are material to advancing both: (1) the parties' on-going plea negotiations; and (2) Defendant's defense if plea negotiations are unsuccessful. *Id.* Finally, Defendant anticipates Government will be provided additional limited discovery in the near future that will need to be reviewed and analyzed once produced. *Id.*

Defendant has discussed his speedy trial rights with defense counsel at length during various stages of these proceedings, including immediately before seeking the requested continuance. *Id.* at 2. Defendant understands the effect that the requested continuance will have on this speedy trial rights and that any delay will be charged against Defendant for purposes of calculating his Speedy Trial date. *Id.* at 2-3. Defendant agrees with defense counsel that his best interests are served by the proposed continuance of the status conference. *Id.* The Government also does not oppose Defendant's requested continuance. *Id.* at 3.

The Court, therefore, finds under the ends of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing the status conference to December 11, 2018, for the purposes discussed above outweighs the best interests of the public and Defendant in a speedy trial. Failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would likely result in a miscarriage of justice. This finding is based on the statements and representations contained in Defendant's motion (Doc. 17) and the findings herein. The period of delay resulting from the continuance granted pursuant to this Order shall be excludable time as provided in 18 U.S.C. § 3161(h)(8).

THE COURT THEREFORE ORDERS that Defendant's motion (Doc. 17) is GRANTED. The status conference is rescheduled to December 11, 2018, at 9:30 a.m. The time between October 30, 2018 and December 11, 2018, is a period of excludable time under the Speedy Trial Act.

DATED:  October 29, 2018                /s/ *Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE